Dear Mr. Young:
As Executive Vice President of the Louisiana Realtors Association, you have asked this office to render an opinion relative to the application of the Louisiana Open Housing Act (La. R.S. 51:2601, et seq.) and/or the federal Fair Housing Act (42 U.S.C. § 3601, et seq.) to the following hypothetical factual situations.
A community home for the handicapped or mentally impaired is located in the neighborhood. There are parcels of property which are either next door or in close proximity to this community home. As a real estate licensee, these questions have arisen:
 1. Is it a material fact or a material defect that the community home housing mentally retarded persons is located next door or in close proximity to the property listed?
 2. If a handicapped or mentally impaired person is considered a "protected class" under the 1988 amendments of the federal Fair Housing Act, should the existence of this community home even be discussed by listing or selling agents?
1. In answer to your first inquiry, we advise that the fact there is a community home housing handicapped or mentally impaired persons in a neighborhood is not a material defect so as to require disclosure to prospective purchasers by real estate agents.
As you are aware, the Fair Housing Amendment Act of 1988 (FHAA) extended the protection of the fair housing law to persons with disabilities. The FHAA, which became effective on March 12, 1989, prohibits discrimination on the basis of a physical or mental handicap. 42 U.S.C. § 3604(f)(1). In addition, the FHAA also makes it unlawful to coerce, intimidate or retaliate against someone for having exercised a right protected by the FHAA.42 U.S.C. § 3617. In terms of the handicapped, the FHAA requires property owners to make "reasonable accommodations in rules, policies, practices, or services" when such accommodations would enable a person with disabilities to live where she or he chooses. 42 U.S.C. § 3604(f)(3)(B). Hence, there is absolutely no question that, given the purpose and breadth of the provisions of the FHAA, that handicapped individuals are a protected class and should be afforded every opportunity to be integrated within our society as are other protected classes named in the federal legislation.
Likewise, the Louisiana Open Housing Act (Act) is similar to the FHAA and has been declared substantially equivalent by the Department of Housing and Urban Development. Our law also protects those with physical and mental impairments and prohibits discrimination against them in the terms, conditions, or privileges of sale or rental of any dwelling or in the provision of services or facilities in connection with such dwelling because of a handicap. La. R.S. 51:2603(9); La. R.S.51:2606(6)(b). Thus, those individuals with handicaps are also a protected class under Louisiana law as well.
Where the law intends that certain individuals be protected from various forms of discrimination in connection with the sale or rental of property, the fact that they have exercised these rights cannot establish a defect in the property. Accordingly, to maintain that the exercise of these rights would create a defect in property would fly in the face of Congress' intent that certain protected individuals be assimilated in our society and would, in all probability, completely defeat the purpose of the law. This office is therefore of the opinion that the presence of a community home within a neighborhood which contains mental or physically handicapped individuals does not create a property defect so as to require disclosure on the part of the real estate agent.
2. Moreover, it is also the opinion of this office that not only is there no duty on the part of the real estate agent to disclose the fact that a community home exists within a neighborhood, it should not even be discussed by the real estate agent nor should the real estate agent take it upon himself to enter into such discussions relative to the existence of this protected class. The problem here lies in the fact that there are many forms of discrimination and it is important that real estate agents understand that discrimination against protected individuals is not just the mere refusal to show property to certain individuals because of either race, color, religion, sex, handicap, etc. but also may take place where an agent "steers" or influences prospective buyers into a choice of property based upon one of the protected categories. See: Zuch v. Hussey, 394 F.2d 1028 (E.D. Mich. 1975) affirmed and remanded, 547 F.2d 1168 (6th Cir. 1977). Although "steering" is not specifically mentioned in either the federal or state law, the courts have long held this practice to be unlawful and if there is proof of significant "discriminatory effect", this alone may be sufficient to show a violation of the FHAA even without proof of discriminatory intent. United States v. Mitchell, 580 F.2d 789 (5th Cir. 1978). Therefore, it is important to keep in mind that any time a real estate agent engages in a conversation relative to the existence of one of the protected classes in a neighborhood, such an activity can be construed as "steering" which would be in violation of both federal and state law.
Parenthetically, we also advise that a broker may be held liable for "steering" of one of its agents. For instance, it has been held that if an individual sales agent engages in an act of racial steering, and if that act or a statement is made within the sales agent's course and scope of employment with a real estate broker, it may be imputed to the broker. Marr v. Rife,503 F.2d 735, 740-742 (6th Cir. 1974).
Accordingly, it is the opinion of this office that the fact a protected class lives within a neighborhood, is not, and should not, be a matter of discussion on the part of a real estate salesperson because such an activity can be construed as a discriminatory practice in violation of both federal and state fair housing laws. Although, in practically every instance, the courts have dealt with racial steering on the part of salespersons, such an activity can be imputed to the other protected classes within the law including those with physical and mental impairments.
You are therefore advised that the existence of a community home within a neighborhood does not create a material defect in the property and that such existence should not be disclosed nor mentioned by salespersons for the reasons stated above.
If we may be of further service in this matter, please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
BY: DAVID C. KIMMEL Assistant Attorney General DCK/jb